```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JDM IMPORT CO. INC. et al.,                                             :
                                                                        :
                        Plaintiffs,                                     :
                                                                        :
            -v-                                                         :   22-CV-4042 (JMF)
                                                                        :
AMIT SHAH et al.,                                                       :   ORDER
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  Plaintiffs JDM Import Co. Inc., MG Worldwide LLC, and Asia Pacific Jewelry, LLC, bring this action against Defendants Amit Shah, Shree Ramkrishna Exports Pvt., Ltd., and The Jewelry Co., invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. According to the allegations in the Complaint, Plaintiffs JDM Import Co. Inc., MG Worldwide LLC, and Asia Pacific Jewelry, LLC all have their principal place of business in New York. *See* ECF No. 1, at ¶ 4-6. The Complaint also alleges that Defendants Amit Shah, The Jewelry Co. and Shree Ramkrishna Exports Pvt., Ltd., are based in India. *See id.* ¶ 7-9.

  It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Additionally, a party's citizenship, including the citizenship

of LLC members, "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").  In the present case, the Complaint fails to affirmatively plead the citizenship of each member of the Defendant LLCs.  In addition, it alleges only the business addresses of the Plaintiffs and the Defendants rather than their states of citizenship, as required for purposes of diversity jurisdiction.  *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **May 25, 2022**, Plaintiffs shall amend their Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the Defendant LLCs as well as the citizenship of all individual parties.  If, by that date, the Plaintiffs are unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: May 20, 2022
       New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge